# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GUADALUPE GARCIA**
        **Petitioner,**

    v.                          **Case No. 04-C-0777**
                              **(Criminal Case No. 01-CR-143)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## DECISION AND ORDER

Petitioner Guadalupe Garcia filed a § 2255 motion, alleging that her trial counsel failed to file a notice of appeal on her request.[1] I held an evidentiary hearing on the claim, at which petitioner and counsel testified. I now deny the claim and dismiss the case.

### I. FACTS

Petitioner was charged with conspiracy to distribute more than five kilograms of cocaine, an offense that carries a ten-year mandatory minimum term. 21 U.S.C. § 841(b)(1)(A). However, pursuant to a plea agreement with the government, she pleaded guilty to a telephone count under § 843(b), an offense carrying a maximum term of four years. On June 23, 2003, I sentenced her to 46 months imprisonment, the low end of the applicable guideline range. Petitioner took no appeal, but on August 5, 2004, filed the instant § 2255 motion alleging, <u>inter alia</u>, that she told her lawyer to appeal but he refused.

At the evidentiary hearing, petitioner testified that she spoke to her lawyer, Mark Hersh, about an appeal in a small room after her sentencing. She stated that she told

---

[1]She also raised other claims, which I denied in a previous order.

Hersh that she wanted to appeal, but he yelled at her, stating that he was fed up with her case, that he had spent enough time on it already, and that she had gotten a good deal. Petitioner testified that she did not change her mind about an appeal after hearing Hersh's rant, but that she said nothing more. She stated that she had no further communication with Hersh after sentencing, although her daughter did subsequently call Hersh and apparently also received an ear-full.

Attorney Hersh testified that he had been practicing criminal law, in federal and state courts, for about ten years. He indicated that he was aware of his obligation to consult with the defendant about an appeal and file a notice if requested. He stated that it was his practice to advise clients that they could appeal for any reason.

Hersh stated that he met with petitioner after her sentencing, and that he had no recollection of her asking him to file a notice of appeal. He stated that if she had asked him he would have filed the notice, and that he has never said no to an appeal. He denied getting angry or shouting at petitioner, and stated that he would not have been offended or upset if she had wanted to appeal. He stated that he had no record of any subsequent communication from petitioner. He testified that he was available to her by phone and would have filed a notice if called about an appeal.

## II. DISCUSSION

**A.     Legal Standard**

Ordinarily, a defendant seeking to establish ineffective assistance of counsel must demonstrate both that counsel's performance was deficient and that as a result she suffered prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, if the

2

defendant shows that her lawyer performed deficiently by failing to file a notice of appeal on request she is entitled to relief under § 2255, without regard to the possibility of success on appeal. Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994); see also Roe v. Flores-Ortega, 528 U.S. 470 (2000). This is so because, in that circumstance, the defendant has been denied not the effective assistance of counsel but all assistance of counsel; thus, prejudice is presumed, and the petitioner need not demonstrate that the appeal had merit. See Penson v. Ohio, 488 U.S. 75, 88 (1988).

In Flores-Ortega, the Court set forth the standards for evaluating claims of ineffective assistance in the context of filing a notice of appeal. First, if counsel consulted with the defendant about an appeal, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. 528 U.S. at 478.

Second, if counsel did not consult with the defendant, the court must ask whether counsel's failure to consult with the defendant itself constitutes deficient performance. Id. Counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that she was interested in appealing. Id. at 480. To show prejudice in that circumstance, the defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with her, she would have timely appealed. Id. at 484. As on the performance prong, evidence that there were non-frivolous grounds for appeal or that the defendant promptly expressed a desire to appeal will often be highly relevant in making this determination. Id. at 485.

Thus, the performance and prejudice inquiries are similar; specifically, both may be satisfied if the defendant shows non-frivolous grounds for appeal. Id. at 486. However, unlike the performance prong, evidence that the defendant demonstrated to counsel her interest in an appeal "is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, [s]he would have instructed [her] counsel to file an appeal." Id.

**B.   Analysis**

I find that Hersh consulted with petitioner about an appeal after sentencing and that she did not direct him to file the notice. Based on their demeanor and all of the circumstances of the case, I find Hersh's testimony more credible than petitioner's.

Hersh testified in a straight-forward and credible manner, and, while he did not have a significant independent recollection of events (which took place more than three years ago), he denied that petitioner told him to appeal. I find highly credible Hersh's testimony that he advises his clients that they have the right to appeal for any reason and see no basis for concluding that he would have become angry with petitioner if she had requested an appeal. Nor do I see any reason why Hersh would have broken with his practice of filing a notice if requested.

Petitioner, on the other hand, had a significant motive to fabricate. Like many defendants, it appears that she is attempting to take advantage of recent changes in the law brought about by Blakely and Booker.[2] Such a claim was not available to her at the

---

[2] Petitioner raised a Blakely claim in her § 2255 motion. She further claimed that the motion, which was filed more than one year after sentencing, was timely under § 2255 ¶6(3) based on Blakely. This argument tends to show that it was the issuance of Blakely rather than a desire to appeal that motivated petitioner to file her § 2255 motion. There is

time of sentencing.  I further note that on two occasions during her testimony petitioner complained that she had not been accepted into the BOP's 500-hour drug treatment program, which if completed can result in a one-year sentence reduction.  This unsolicited testimony further supports the inference that post-sentencing events motivated petitioner's professed desire to appeal.  In that vein, I note that petitioner produced no contemporaneous corroboration of her claim that she wanted to appeal.  Prior to the filing of her § 2255 motion more than one year after sentencing, there was no documentary or other objective evidence supporting her claim.  Finally, petitioner has failed to point to any non-frivolous issues she wanted to raise on appeal.  While petitioner is not required to demonstrate a meritorious issue in order to show prejudice, the absence of any such issues undermines the credibility of her claim that she wanted to appeal.  Petitioner pleaded guilty, preserving no issues for appellate review, and she received the sentence for which she bargained.  See Flores-Ortega, 528 U.S. at 480.

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion is **DENIED**, and this case is **DISMISSED**.  The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

no evidence that petitioner took any steps to pursue or resurrect an appeal in the face of Hersh's alleged intransigence prior to August 2004.

5